UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRISTIAN ALEXIS CLARA ALOS, et al.,

Plaintiffs,

v.

AP CONSTRUCTION, LLC, et al.,

Defendants.

Case No. 23-cv-02669-SK

**ORDER DENYING MOTION TO DISMISS**

Regarding Docket No. 17

This matter comes before the Court upon consideration of the motion to dismiss for lack of subject matter jurisdiction filed by Defendants AP Construction, LLC and Antonio Perez (collectively, "Defendants"). The Court finds the motion suitable for disposition without oral argument and, thus, VACATES the hearing scheduled for November 13, 2023. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Defendants' motion for the reasons set forth below.

## BACKGROUND

Plaintiffs Cristian Alexis Clara Also, Juan Carlos Nieto Valencia, and Natanael Adams (collectively, "Plaintiffs") bring an action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiffs allege that:

> Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

(Dkt. No. 1 (Compl.), ¶ 7.)

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that they do not engage in interstate commerce and, thus,

are not an "enterprise" under the FLSA.[1]

## ANALYSIS

### A.    Legal Standards on Motion to Dismiss.

When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: cases involving diversity of citizenship, or those cases involving a federal question, or where the United States is a party. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion can be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

In a "factual attack," the moving party questions the veracity of the plaintiff's allegations that "would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff's allegations are questioned by "introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). While the plaintiff typically has the burden of proof to establish subject matter jurisdiction, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121-22 (citing *Safe Air*

---

[1] In their reply brief, Defendants attempt to reframe their motion as one for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and argue that Plaintiffs failed to allege sufficiently that they conduct interstate commerce. (Dkt. No. 22.) Because Defendants did not raise the issue of the sufficiency of Plaintiffs' allegations in their opening motion, the Court will not address Defendants' belated argument.

1    *for Everyone*, 373 F.3d at 1039-40).

2    **B.      Defendants' Motion to Dismiss.**

3          Defendants' motion is remarkably thin.  As Plaintiffs point out, Defendants do not cite to

4    *any* case law in support of their motion.  Instead, Defendants simply quote the FLSA and rely on a

5    declaration from Perez, the owner of AP Construction, who states that AP Construction only

6    works on residential properties in the San Francisco Bay Area and that AP Construction does not

7    advertise or solicit business out of state.  (Dkt. No. 17-2, ¶¶ 3, 4.)  However, whether Defendants

8    did not or did not actually engage in interstate commerce under the FLSA goes to the merits of

9    Plaintiffs' claim and is not a jurisdictional issue.  *Vega v. Peninsula Household Servs., Inc.*, 2009

10   WL 656291, at *3 (N.D. Cal. Mar. 12, 2009); *Jiang v. Lee's Happy House*, 2007 WL 3105087

11   (N.D. Cal. Oct. 23, 2007).

12         Moreover, Defendants fail to address the fact that interstate commerce under the FLSA

13   includes purely intrastate activities if the goods handled in their business have moved in interstate

14   commerce *at some point*.  *Donovan v. Scoles*, 652 F.2d 16, 18-19 (9th Cir. 1981).  As the Ninth

15   Circuit explained in *Donovan*, the clear statutory language regarding enterprise coverage:

16                 indicates that even a business engaged in purely intrastate activities
                   can no longer claim exemption from FLSA coverage if the goods its
17                 employees handle have moved in interstate commerce. . . .  The
                   language imposes no requirement that the goods have a present
18                 involvement in interstate commerce when they are handled or sold.
                   Instead it broadens coverage to include all employees within the
19                 stream of commerce of such goods, even if their own participation
                   remains purely intrastate.
20

21   *Id*.  Defendants fail to address the correct legal standard.  Even if Defendants had addressed the

22   correct legal standard, it is not clear how they could demonstrate that they do not use goods that

23   have moved through interstate commerce.  Accordingly, the Court DENIES Defendants' motion.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: November 6, 2023

SALLIE KIM
United States Magistrate Judge